IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | CRIMINAL ACTION |
| v. | : | |
| | : | NO. 09-245 |
| PHILLIP PARROTT | : | |

**MEMORANDUM**

**SURRICK, J.**                                                                 **FEBRUARY 8, 2022**

Phillip Parrott seeks habeas relief under 28 U.S.C. § 2255, challenging his sentence-enhancement under the Armed Career Criminal Act ("ACCA"), 28 U.S.C. § 924(e).  He contends that his second-degree robbery conviction under Pennsylvania law no longer qualifies as a violent felony under the ACCA after recent Supreme Court precedent, *Borden v. United States*, 141 U.S. 1817 (2021).  Because we conclude that Pennsylvania's second-degree robbery statute is indivisible, as it sets forth one distinct offense with alternate means of committing the offense, under the categorical approach, Parrott's conviction does not qualify as a predicate ACCA offense.  Accordingly, his Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 88) will be granted and his sentence will be vacated.

I.       **BACKGROUND**

On November 24, 2009, a jury convicted Parrott of possessing a firearm and ammunition as a convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (ECF No. 46.)  At his sentencing on March 12, 2010, Parrott was subjected to the ACCA's 15-year mandatory minimum sentence based on two prior drug convictions and a 1994 conviction for second-degree robbery.  (Presentence Report ¶ 31 (on file with Court).)  The Court sentenced Parrott to 262 months in prison followed by five years of supervised release.  (ECF No. 64.)  Parrott's

subsequent appeal of his conviction was affirmed by the Third Circuit.  *See United States v. Parrott*, 450 F. App'x 228, 229 (3d Cir. 2011).

After the Supreme Court invalidated a portion of the ACCA in *Johnson v. United States*, 576 U.S. 591, 597 (2015), numerous defendants like Parrott who had their sentences enhanced by the ACCA sought leave from their respective Circuit Courts of Appeals to file a second or successive habeas petition under 28 U.S.C. § 2255(h)(2).  On June 16 , 2016, Parrott filed a Motion to Correct Sentence under 28 U.S.C. § 2255.  (ECF No. 88.)  On July 19, 2016, the Third Circuit granted Parrott leave to file a second or successive habeas petition based upon the Supreme Court's *Johnson* decision.  (ECF No. 89.)  The case was stayed pending decisions by the Third Circuit and the Supreme Court that would provide guidance to the district courts on application of *Johnson*.  After the Supreme Court issued its *Borden* decision, Parrott sought emergency bail, contending that *Borden*—which held that crimes that can be committed with a *mens rea* of recklessness do not qualify as violent felonies under the ACCA—demanded him relief under § 2255.[1]

## II.      DISCUSSION

### A.      Legal Framework

Before we turn to the issue in this case—whether Parrott's 1994 conviction for second-degree robbery no longer qualifies as an ACCA predicate—we will first explain the legal

---

[1] Parrott's Emergency Motion for Bail (ECF No. 103) will be addressed by a separate order.

principles that frame our analysis.[2]

As noted above, the ACCA imposes a 15-year mandatory minimum sentence on any

individual convicted under 18 U.S.C. §922(g) who also has three prior convictions "for a violent

felony or a serious drug offense, or both." 18 U.S.C. § 924(e)(1).[3]  Parrott received the sentence

enhancement provided by the ACCA because at the time of his sentencing, his three prior

convictions all qualified as predicate acts:  two prior drug convictions and the 1994 second-

degree robbery conviction.  There is no dispute that Parrott's two prior drug convictions qualify

as predicate ACCA crimes.  Parrott's entitlement to relief under § 2255 turns on whether his

second-degree robbery conviction constitutes a "violent felony" under the ACCA.

The ACCA defines "violent felony" as

any crime punishable by imprisonment for a term exceeding one year . . . that—

> (i) has as an element the use, attempted use, or threatened use of physical
> force against the person of another [*the elements clause*]; or

> (ii) is burglary, arson, or extortion, involves use of explosives [*the
> enumerated offenses clause*], or otherwise involves conduct that presents a
> serious potential risk of physical injury to another [*the residual clause*.]

18 U.S.C. § 924(e)(2)(B).  As mentioned above, in *Johnson*, the Supreme Court invalidated the

definition's residual clause, concluding that it was unconstitutionally vague and a violation of

due process.  576 U.S. at 595-97.  Parrott's second-degree robbery conviction does not fall under

---

[2] As one Court described it, "the governing law [in determining whether a prior
conviction qualifies as a violent felony under the ACCA] is not simply daunting in its
complexity, but also counterintuitive, in that it largely requires sentencing courts to ignore the
underlying facts of prior convictions." *United States v. Singleton*, 252 F. Supp. 3d 423, 427
(E.D. Pa. 2017).

[3] Section 922(g) makes it illegal for a prohibited person, such as a convicted felon like
Parrott, to ship, transport, or possess a firearm or ammunition in interstate commerce.  18 U.S.C.
§ 922(g).

the enumerated offenses clause.  Our analysis therefore centers on whether the conviction falls

under the elements clause.  If it does, then Parrott's ACCA-enhanced sentence stands.  If it does

not, then Parrott is entitled to be resentenced without the enhancement.[4]

To determine whether a statute qualifies as an ACCA predicate offense, courts must first

determine whether the statute is divisible.  A divisible statute is one that "lists elements in the

alternative," which in turn defines multiple crimes.  *Mathis v. United States*, 136 S. Ct. 2243,

2249 (2016).  In contrast, a statute that is indivisible, "merely specifies diverse *means* of

satisfying a single element of a single crime – or otherwise said, spells out various factual ways

of committed some component of the offense."  *Id*.  If indivisible, jury unanimity is not required

on any of the enumerated *means* of committing the offense.  *Id*.  In addition, if a statute is

indivisible, courts must use the "categorical approach" to determine if it qualifies as a predicate

crime under the ACCA.  If a statute is divisible, courts use the "modified categorical approach."

Under the categorical approach, "a court must examine whether an offense's statutory

definition (not the particular facts of a case) constitutes a 'violent felony' under the ACCA."

*United States v. Collins*, No. 01-780-1, 2018 WL 278703, at *4 (E.D. Pa. Jan. 3, 2018) (Citing

*Mathis*, 136 S. Ct. at 2256-57).  Under this approach, the elements of the crime of conviction are

compared to the element of the generic version of the offense.  *Mathis*, 136 S. Ct. at 2247.  "The

prior crime qualifies as an ACCA predicate if, but only if, its elements are the same as, or

narrower then, those of the generic offense."  *Id*.

Under the modified categorical approach—used when a statute is divisible—a court

---

[4] Parrott also argued in his § 2255 Motion that infliction of injury, as required by the robbery statute, is not the same as the use of force and therefore does not necessarily require physical force.  The Third Circuit rejected this argument in *United States v. Chapman*, 866 F.3d 129 (3d Cir. 2017).

"may go beyond the mere fact of conviction" and the statutory text, *Taylor v. United States*, 495

U.S. 575, 602 (1990), and consult "a limited class of documents (for example, the indictment,

jury instructions, or plea agreement and colloquy) [referred to by courts as "*Shepard*

documents"] to determine what crime, with what elements, a defendant was convicted." *Mathis*,

136 S. Ct. at  2249 (citing *Shepard v. United States*, 544 U.S. 13, 26 (2005)). "The court can

then compare that crime, as the categorical approach commands, with the relevant generic

offense." *Id.*

In *Borden*, the Supreme Court held that crimes that can be committed with a *mens rea* of

recklessness do not qualify as violent crimes under the ACCA.  Accordingly, we must decide

whether Parrott, in his robbery conviction, was convicted of an offense that can be committed

with a *mens rea* of recklessness.  If it can, then his robbery conviction does not qualify as a

violent felony under the ACCA.

> **B.      Pennsylvania's Second-Degree Robbery Statute is Indivisible and is
> Therefore Not an ACCA Predicate**

The Third Circuit has not had the opportunity to determine whether a conviction under

Pennsylvania's second-degree robbery statute qualifies as an ACCA predicate offense.  At least

two district courts in this Circuit, however, have concluded that it does not.  *See United States v.*

*Blakney*, No. 11-562-1, 2021 WL 3929694, at *3 (E.D. Pa. Sept. 2, 2021); *United States v.*

*Giles*, No. 94-20-01, 2021 WL 5418158, at *6 (E.D. Pa. Nov. 19, 2021).  The well-reasoned

analyses in these decisions provide further support for our holding.

The conviction at issue here is under Pennsylvania's second-degree robbery statute, 18

Pa. Cons. Stat. § 3701(a)(1)(iv), which provides as follows:

> A person is guilty of robbery if, in the course of committing a theft, he: . . .

> (iv)   inflicts bodily injury upon another **or** threatens another with or intentionally puts him in fear of immediate bodily injury.

The Government argues that this statute is divisible into two separate second-degree robbery crimes:  the first is inflicting bodily injury upon another, and the second is threatens another with or intentionally puts him in fear of immediate bodily injury.  As to the first clause, the Government concedes that it can be committed with recklessness and therefore does not qualify as an ACCA predicate under *Borden*.  When a Pennsylvania criminal statute does not expressly state a *mens rea* for an element of an offense, as is the case for the first clause, the Pennsylvania Code provides a minimum *mens rea* of recklessness.  *See* 18 Pa. Con. Stat. Ann. § 302(c) ("When the culpability sufficient to establish a material element of an offense is not prescribed by law, such element is established if a person acts intentionally, knowingly or recklessly with respect thereto.").  The Government argues that the second clause—"threatens another with or intentionally puts him in fear of immediate bodily injury"—requires a *mens rea* of intent from the phrase "intentionally puts him in fear" and therefore does count as a violent felony under the ACCA.

The Government's argument is not persuasive.  The Pennsylvania second-degree robbery statute, on its face, supports a finding that it lists means of committing the offense and not elements, which must be proved unanimously.  *See Mathis*, 136 S. Ct. at 2256 (noting that in determining whether listed statutory items are elements or means, "the statute on its face may resolve the case").  "If, for example, the statute provides different penalties for violations of its different alternatives, it is considered to list elements; if instead it is 'drafted to offer illustrative examples,' it lists means."  *United States v. Singleton*, 252 F. Supp. 3d 423, 429 (E.D. Pa. 2017) (quoting *Mathis*, 136 S. Ct. at 2256).  Pennsylvania's second-degree robbery statute does not provide different penalties for violations of the alternative clauses.  The grading provision of

6

§ 3701(a)(1)(iv) simply states that any robbery conviction under § 3701(a)(1)(iv) "is a felony in the second degree."  18 Pa. Cons. Stat. § 3701(b)(1).

In addition, the alternatives in § 3701(a)(1)(iv) are contained in one subsection and are listed disjunctively.  This further supports a finding that the alternatives are means and not elements.  *See* 18 Pa. Cons. Stat. § 3701(a)(1)(iv) (noting that a person is guilty of robbery if in the course of committing a theft, he "(iv)  inflicts bodily injury upon another or threatens another with or intentionally puts him in fear of immediate bodily injury").  The statute sets forth alternatives for both the *mens rea* and the *actus reas*, and as drafted, all the alternatives are means of committing single robbery offense.  *See Giles*, 2021 WL 5418158, at *3 ("If subsection (iv) was meant to be read as encompassing multiple robbery offenses rather than describing multiple means of committing the single offense of second-degree robbery, this would raise the question of why these multiple offenses were compressed into the same single subsection of the statute in the first place."); *Blakney*, 2021 WL 3929694, at *2 (concluding that § 3701(a)(1)(iv) is indivisible, in part because "[i]t is disjunctively phrased" and "allows for a conviction based on one of three different acts having different *mens rea* requirements").

*Mathis* also instructs that when determining whether a statute lists elements or means, a "state court decision [may] definitively answer [ ] the question."  136 S. Ct. at 2256.  The parties do not dispute that there is no Pennsylvania state court decision addressing whether the alternatives contained in § 3701(a)(1)(iv) are means or elements.  However, the Pennsylvania suggested standard jury instructions support the conclusion that the alternatives in subsection (iv) are means and not elements.  *See United States v. Steiner*, 847 F.3d 103, 119 (3d Cir. 2017) (relying in part on Pennsylvania suggested standard jury instructions for divisibility analysis). The current Pennsylvania suggested jury instruction for second-degree robbery states that there

7

are *two elements* of second-degree robbery:  the first is that the defendant inflicted bodily injury on the victim *or* threatened the victim with immediate bodily injury or intentionally put the victim in fear of immediate bodily injury; and the second is that the defendant did so in the course of committing a theft.  *Pennsylvania Suggested Standard Criminal Jury Instructions*, § 15.3701B (Pa. Bar. Inst., 3d ed. 2016).  Importantly, missing from the suggested jury instruction is any language about advising the jury that they must be agree on which of the three alternatives of the first element applies.  This lack of unanimity demonstrates that the alternatives are means, not elements and Pennsylvania's second-degree robbery statute is indivisible.  *See Blakney*, 2021 WL 3929694, at *2; *Giles*, 2021 WL 5418158, at *3.

Because we find that § 3701(a)(1)(iv) is indivisible, the categorical approach applies. Under the categorical approach, § 3701(a)(1)(iv)—which proscribes reckless conduct—is broader than the requirements of the ACCA elements clause, which does not require reckless conduct.  Under *Borden*, a crime that can be committed with the *mens rea* of recklessness cannot serve as a predicate offense under the ACCA.  Accordingly, Parrott's 1994 conviction for second-degree robbery cannot qualify as an ACCA-predicate offense.  His § 2255 Motion must therefore be granted.  Parrott is entitled to a new sentencing hearing.

### C.   Even if Pennsylvania's Second-Degree Robbery Statute Was Divisible, Parrott Would Still be Entitled to Relief

Even if we were to adopt the Government's reasoning that § 3701(a)(1)(iv) is divisible and creates two distinct offenses—one that requires "inflict[ing] bodily injury" and one that requires "threaten[ing] another with or intentionally put[ting] him in fear of immediate bodily injury"—Parrott would nevertheless prevail on his § 2255 Motion.  The Government concedes that the first offense may be committed with recklessness but contends that the second offense

requires intent and therefore is an ACCA-predicate offense.  The Government's argument

overlooks the fact that second offense is itself drafted in disjunctive.  It states that "[a] person is

guilty of robbery if, in the course of committing a theft, he . . . (iv) . . . threatens another with **or**

intentionally puts him in fear of immediate bodily injury."  18 Pa. Cons. Stat. § 3701(a)(1)(iv)

(emphasis added).  The intentionally *mens rea* applies only to the act of putting someone in fear

of immediate bodily injury; it does not apply to threatening another with immediate bodily

injury.  As noted above, when a statute does not expressly require a *mens rea*, Pennsylvania law

prescribes recklessness as the *mens rea*.  *See* 18 Pa. Con. Stat. Ann. § 302(c).

A review of the *Shepard* documents, which is permitted under the modified categorical

approach, further supports relief for Parrott.  Only two *Shepard* documents were provided to the

Court:  the criminal information and the judgment.  (*See* ECF No. 91 at Ex. A.)  The criminal

information charges Parrott with every alternative of § 3701(a)(1)(iv), but the judgment merely

states that he was convicted of second-degree robbery.  The *Shepard* documents do not rule out

the possibility that Parrott was convicted under the variation of subsection of § 3701(a)(1)(iv)

requiring only recklessness and thus not an ACCA-predicate offense.

The Government concedes that the *Shepard* documents do not conclusively establish the

§ 3701(a)(1)(iv) alternative of which Parrott was convicted.  However, it argues that it was

Parrott's burden to come forward with documents that *do* conclusively establish that he was

convicted of the portion that does not qualify under the ACCA.  In support of this argument, the

Government relies on *Pereida v. Wilkinson*, 141 S. Ct. 754, 758 (2021), which held that an alien

seeking discretionary cancellation of an order of removal under the Immigration and Nationality

Act ("INA") has the burden of proving eligibility for cancellation.  In immigration cases, federal

courts use the categorical approach to determine whether an alien has committed a criminal

offense that disqualifies him from relief from removal under the INA.  The Supreme Court in *Pereida* employed the categorical approach but placed the burden on the Petitioner.  *Id*. at 762-64.

The Government's reliance on *Pereida* is misplaced.  First, *Pereida* is a civil immigration case interpreting the requirements of the INA, which unlike the ACCA, explicitly places the burden on the petitioner.  *Id*. at 758, 760 (citing U.S.C. §§ 1229a(c)(4)(A)).  Second, the Supreme Court in *Pereida* made clear that its holding was limited to immigration cases and not meant to be consulted in reference to the ACCA.  *See id.* at 766 n.7 ("[T]he ACCA and INA provision at issue here bear different instructions. Both may call for the application of the categorical approach. But while the ACCA's categorical approach demands certainty from the government, the INA's demands it from the alien.").  Finally, there is nothing in *Pereida* that calls into question the Third Circuit's holding in *United States v. Peppers*, 899 F.3d 211, 232 (3d Cir. 2018), which places the *Shepard* burden on the Government, not on the defendant.

## III.    CONCLUSION

For the foregoing reasons, Parrott's Motion to Correct Sentence under 28 U.S.C. § 2255 (ECF No. 88) will be granted.  Parrott's sentence will be vacated, and a resentencing hearing will be scheduled.

An appropriate order follows.

BY THE COURT:

*/s/ R. Barclay Surrick*
**R. BARCLAY SURRICK, J.**